**In re PEILER.**

**Patent Appeal No. 3032.**

Court of Customs and Patent Appeals.

May 22, 1933.

BLAND, Associate Judge, dissenting in part.

Vernon M. Dorsey, of Washington, D. C. (S. F. Parham, of Washington, D. C., and L. G. Bates, of Hartford, Conn., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner, rejecting claims 19, 82, and 89 of appellant's application, which was filed March 28, 1917. The specification states that the application is a continuation of appellant's prior appli-

cation, filed August 13, 1914, serial No. 856,-548.

Said claims 19, 82, and 89 read as follows:

"19. The combination, with glass feeding mechanism for intermittently feeding molten glass from a container in successive suspended masses, of periodically acting shear mechanism for cutting off mold charges successively from the suspended masses in timed relation to the operations of the glass feeding mechanism, and means for putting the shear mechanism out of operation and out of cutting position independently of the glass feeding mechanism and restoring it to its said timed relation."

"82. In apparatus for separating molten glass into mold charges, the combination with a container for the glass having a discharge outlet from which masses of molten glass may be suspended, of an implement projecting into the glass adjacent to the outlet and operable periodically to cause the discharge and suspension of successive masses of the glass from said outlet, a pair of shear blades movably mounted and guided to meet beneath the outlet in spaced relation thereto and operable alternately to meet and to be withdrawn from beneath the outlet for severing mold charges from suspended masses of the discharged glass, and means for operating the implement and the shear blades periodically in timed relation to cause the repeated discharge, suspension and severance in suspension of mold charges at predetermined times, said means being adapted to start and stop the operation of the shear blades at will during the continued periodic operation of the implement and to restore the said timed relation when the operation of the shear blades is started."

"89. In combination, a glass feeding mechanism for intermittently feeding molten glass from a container in successive suspended masses, severing means operating periodically in timed relation to the operations of an associated glassware fabricating machine for severing mold charges from said suspended masses, and means operable at will during the continued operation of the feeding mechanism for stopping the operation of the severing means and for restoring the severing means to operation in its former timed relation to the glassware fabricating machine."

The alleged invention is sufficiently described in the claims, and it is the last element in each of said claims, in combination with the other elements of the claims, that is particularly involved here, viz., that element relating to the shear mechanism being put out of operation and being restored in timed re-

lation to the operation of the glass feeding mechanism.

The references cited by the Examiner to the claims here in issue are: Hitchcock, 805,-068, November 21, 1905; Mansfield, 854,511, May 21, 1907; Bowman, 1,166,576, January 4, 1916; Peiler, 1,277,254, August 27, 1918; Peiler, 1,401,921, December 27, 1921. Said references are also cited in the decision of the Board.

Prior to the oral argument before us, and after briefs had been filed, counsel for appellant and the solicitor for the Patent Office made certain motions, as follows:

Appellant moved to strike out certain portions of the brief for the Commissioner of Patents upon the ground that all discussion of the references other than the last above named Peiler and Hitchcock patents was improper because none of said other references were before this court for consideration, and that certain other matters discussed in the brief were irrelevant to the issues here because they relate to questions and issues not presented to or considered by any of the Patent Office tribunals.

The solicitor for the Patent Office moved to strike out the transcript of record upon the ground that it fails to comply with the statutory requirements, and moved to strike out appellant's brief upon the ground that it was filed after the time permitted by our rules for the filing of briefs had expired.

Upon hearing, all of said motions were tentatively denied in order that a full hearing might be had, and appellant's counsel was given leave to file a brief in reply to the solicitor's brief, which has been done.

It was understood that we would formally rule upon said motions when we made final disposition of the case.

▮ The motion of the Commissioner of Patents to strike out the transcript of record is denied. It appears to comply with the statutory requirements, and, if the Commissioner was of the opinion that the record, as certified, was incomplete, he should have entered a seasonable motion for diminution of the record. Dreyfus v. Lilienfeld, 49 F. (2d) 1055, 18 C. C. P. A. 1526.

We would further note that this motion to strike out the transcript of record was not made until after the brief for the Commissioner had been filed.

With respect to the motion to strike out appellant's brief because filed too late under our rules, said motion is denied. The filing of the brief was permitted upon a sufficient showing by appellant's counsel, and the motion papers disclose a written statement of the solicitor for the Patent Office that he had no objection to the filing of the brief.

The motion of appellant to strike out specified portions of the brief for the Commissioner of Patents is denied. While there may be arguments contained in said brief which are upon immaterial issues, in the main said brief has been helpful to the court. Such matters as are therein discussed which we deemed immaterial have been disregarded, and the appellant has not been prejudiced thereby.

▮ A considerable part of the briefs of counsel for both sides is devoted to a discussion of whether this court is restricted to a consideration of two references specifically referred to by the Board of Appeals in its decision, and as to the scope of the written reasons for appeal filed in this case. As we view the matter, however, the court is not called upon here to enter into a discussion of these points. Assuming, without so holding, that the solicitor for the Patent Office is right, and that every reference cited, and reason for rejection given, by the Board of Appeals, is properly before us for consideration, we have, nevertheless, arrived at the conclusion that the Board of Appeals was in error in rejecting appellant's said claims, for the following reasons:

The Board of Appeals held that, except for the element relating to the shear throwout mechanism, appellant's combination is disclosed and claimed in appellant's patent, No. 1,277,254, and is also disclosed in the Hitchcock reference.

Appellant admits that this is true, so far as his said prior patent is concerned, but contends that Hitchcock does not disclose a suspended charge feeder, which is an element in each of the claims under consideration. The Board held that Hitchcock does disclose such a feeder, and we agree with its conclusion upon this point. In view of our conclusion that Hitchcock neither discloses nor suggests a material element of appellant's combination, viz., the shear throw-out mechanism, we do not deem it necessary to elaborate upon our view that Hitchcock discloses a suspended charge feeder. Neither of the references Bowman and Mansfield discloses a suspended charge feeder.

Neither Hitchcock nor Bowman discloses or suggests the operation of the respective feeders there shown independent of the shear mechanism, nor is this feature disclosed or suggested in the written specification of

Mansfield. The Examiner, however, held that the apparatus shown in his drawings could be so adjusted as to throw the shear mechanism out of operation; he therefore rejected claim 19 upon Mansfield, and also upon Hitchcock or Bowman, in view of Mansfield.

Claim 82 was rejected by the Examiner as functional and also as unpatentable over appellant's patent, No. 1,277,254, and also as unpatentable over appellant's patent, No. 1,401,921.

Claim 89 was rejected by the Examiner as functional and as defining a device lacking in utility; also upon the ground that the drawings were incomplete under rule 50 of the Rules of the Patent Office, and also that the claim was unpatentable over appellant's patent, No. 1,277,254. With respect to the last ground of rejection, the Examiner said: "Claims 88, 89, and 90 were further rejected as unpatentable over patent No. 1,277,254. There is no invention in adjusting the time of operation of the glassware fabricating machine with respect to the time of operation of the shears, nor in stopping or starting the operation of the severing means while the fabricating machine continues to operate without performing any useful function."

We find no merit in the contention that any of the claims here in issue are functional, or that the drawings of appellant's application, in so far as claim 89 is concerned, do not comply with rule 50, supra. With respect to the utility of the shear throw-out mechanism, the Board of appeals expressly found that it did have utility, and, it having made this finding in favor of appellant, the question of utility is not before us.

But one question remains, viz., Did it require the exercise of invention to add to the combinations claimed in appellant's prior patent, No. 1,277,254, and also disclosed in the reference Hitchcock, the element relating to shear throw-out mechanism as set forth in the claims herein involved? After a careful examination of the references, we are of the opinion that the only suggestion of operation of glass feeding mechanism independently of the shearing mechanism is found in appellant's said prior patents. Both of these patents do clearly suggest that the glass feeding mechanism may be operated with or without the shearing mechanism, and, with such disclosure, we agree with both of the Patent Office tribunals that it would not necessarily require the exercise of the inventive faculty to apply some means to bring about the operating of the feeding mechanism independently of the shear mechanism, and to restore the operation

of the shear mechanism in timed relation to the operation of the feeding mechanism. We agree with the Board that this might be accomplished by either of the means suggested by it without the exercise of invention. The difficulty in sustaining the contention of the Board as to lack of invention, however, lies in the fact that apparently the Board relied upon the disclosure of appellant's said prior patents to establish that it was known that a useful result would be secured if the glass feeding mechanism could be operated independently of the shear mechanism. It is true that in appellant's patent, No. 1,401,921, it is stated that "it may be desirable, in some instances, to provide severing means to cut the neck or thread of glass connecting the supply in the furnace with the segregated mass which has passed over the lip"; and in appellant's patent, No. 1,277,254, it is stated that, "for some purposes the weight of the suspended glass may be relied upon to sever its suspending thread. But where uniformity, and especially rapidity of action is required, it is preferable to provide other means, shown herein as shear blades, for severing the suspending thread at the required periods."

Were we at liberty to regard the said last two cited patents as prior art, we would be inclined to agree with the Board of Appeals that it would not require invention to supply a throw-out mechanism, included in the claims here in issue. But said patents are not in this case prior art for the reason that appellant's present application was copending at the time said patents were issued. In re Peiler, 48 F.(2d) 405, 18 C. C. P. A. 1102; Traitel Marble Co. v. U. T. Hungerford Brass & Copper Co. (C. C. A.) 22 F. (2d) 259. However, said patents may be resorted to for the purpose of ascertaining whether or not the invention here involved was there disclosed and claimed. If the element here in issue, viz., the shear throw-out mechanism, in combination with the other elements named in the claims, is not patentably distinct from the claims of appellant's patent, No. 1,277,254, then the decision of the Board should be affirmed; but we may not resort to any disclosure found in either of appellant's prior patents, not claimed therein, to establish lack of invention in supplying the shear throw-out mechanism as claimed herein. We therefore cannot resort to either of said patents for a disclosure that the glass feeding mechanism there shown could be operated independently of the shear mechanism.

So far as the record shows, appellant was

the first to discover that a useful result could be secured by providing a shear throw-out mechanism in a combination such as is described in the claims here in issue, and there is nothing in any of the claims of appellant's prior patents covering this feature.

Therefore, in determining whether the addition of the element of a shear throw-out mechanism to the other elements of the claims here in issue constituted invention, we may not rely upon either of appellant's prior patents beyond the matters disclosed and claimed therein.

As heretofore noted, we find in none of the other references any suggestion of the operation of a glass feeding mechanism, such as is here involved, in combination with a shear mechanism whereby the feeding mechanism could be operated independently of the shear mechanism, and whereby, after such independent operation had taken place, the shear mechanism could be restored in timed relation to the feed mechanism. Appellant was the first to conceive that a useful result could be secured by adding a shear throw-out mechanism to the other elements of the combination here claimed, and he disclosed a means of accomplishing it, at the same time stating in his specification that this could be accomplished in various ways.

We do not think that this improvement in a glass feeding mechanism, such as is here claimed, would be obvious to one skilled in the art, but are of the opinion that it required the exercise of the inventive faculty.

The solicitor for the Patent Office, in his brief, urges affirmation of the decision of the Board of Appeals, not only upon grounds raised and considered by the Patent Office tribunals, but also upon the following grounds, which are raised for the first time in this court:

1. That claim 82 does not read upon the disclosure of appellant's application.

2. That the claims in issue are too broad to be patentable.

3. That the element of the claims relating to suspended charge feeding is but a preamble of the claims and no part of the combination claimed.

It was urged that we take into consideration alleged inexcusable delay in prosecuting appellant's application, and that the presentation of the claims here in issue was an "exigent afterthought" of appellant.

As to the last point made, there is nothing in the record to support such allegations. As to all of the various points above suggested, these matters are raised for the first time in this court, were not considered by the Patent Office tribunals, and are not raised by the written reasons for appeal. They, therefore, will not be considered by us here. In re Tucker and Reeves, 54 F.(2d) 815, 19 C. C. P. A. 810.

For the reasons stated, the decision of the Board of Appeals as to said claims 19, 82, and 89 is reversed.

Reversed.

LENROOT, Associate Judge, concurs in the conclusion.

BLAND, Associate Judge (dissenting and concurring).

I think the Board of Appeals was right in their rejection of the claims on the ground that there was nothing inventive in the claims over that which was shown in Hitchcock, and that it required no invention to disconnect the shears from the feeder. In this view of the case a consideration of the other references was unnecessary and appellant's specific reason of appeal was sufficient to warrant our consideration of this phase of the case and an affirmance of the decision below.

However, the majority think that Hitchcock does not show all that is inventive in the claims, and therefore feel justified under the reasons of appeal found in the record to consider the other references. I find no irreconcilable conflict between the views entertained by the majority and our other decided cases, as to the reasons of appeal in this case, and therefore fully concur in the views expressed by the majority in this particular.