22 C. C. P. A. (Patents)

**WEMPLE et al. v. PEIRCE et al.**

**Patent Appeal No. 3441.**

Court of Customs and Patent Appeals.
March 25, 1935.

Bailey & Larson, of Washington, D. C. (Roberts B. Larson and Jennings Bailey, Jr., both of Washington, D. C., of counsel), for appellants.

Merton W. Sage, of New York City (C. M. Fisher, of Washington, D. C., of counsel), for appellees.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal in an interference proceeding wherein the Board of Appeals of the United States Patent Office affirmed the decision of the Examiner of Interferences awarding priority of invention to appellees.

Three counts are involved. They read as follows:

"1. A zinc base alloy consisting principally of zinc containing from .1–2% of Cu.

and from .1–.25% of a metal selected from the group consisting of Ni and Mn.

"2. A zinc base alloy consisting principally of Zn, containing from .1–2% of Cu and from .1–.25% Mn.

"3. A zinc base alloy consisting principally of Zn, containing from .1–2% of Cu and from .1–.25% of Ni."

The interference was declared November 10, 1931, between applications of the respective parties; the application of appellees having been filed on March 12, 1929, and that of appellants January 20, 1931.

Neither of the applications as originally filed seems to have contained the specific counts here involved, they having been suggested to applicants by an examiner during the prosecution of the applications.

The preliminary statements disclosed that Peirce and Anderson, whose filing date was prior to that of Wemple and Daesen, claimed dates for conception and reduction to practice long prior to any dates claimed by the latter, and during the motion period Wemple and Daesen moved to dissolve on the ground that Peirce and Anderson had no right to make the claims of the counts.

This motion was overruled and the time for taking testimony fixed. No testimony having been taken by Wemple and Daesen, upon whom the burden of proof rested, they were placed under order to show cause why judgment upon the record should not be awarded against them.

In response to this order, further argument was presented upon the question of appellees' right to make the counts. The Examiner of Interferences, holding the response insufficient, thereupon entered the judgment which the board affirmed.

It is thus to be seen that the sole question before us is that of the right of Peirce and Anderson to make the counts.

The decision of the Board of Appeals contains the following statement of facts:

"The invention relates to a zinc base alloy which consists principally of zinc but contains small percentages of additional metals. Count 1 states that it contains from .1 to 2% of copper and from .1 to .25% of a metal selected from the group consisting of nickel and manganese. Counts 2 and 3 recite the same percentages but as stated above limit the third metal to manganese and nickel respectively.

"The application of Peirce and Anderson discloses on page 6 a tabulation in which alloy No. 3 contains zinc, copper and manganese and alloy No. 5 contains zinc, copper and nickel. In each alloy copper is given as 1% which is about midway in the range .1 to 2% recited in the counts. In alloy No. 3 manganese is given as .4% which is somewhat higher than the upper limit .25% recited in counts 1 and 2. In alloy No. 5 the nickel is given as .1% which is the same as the lower limit of nickel in counts 1 and 3. Page 8 of the specification states that the alloying elements mentioned in the foregoing tabulation may vary within certain limits. These limits are defined as to copper from .05 to 2%, as to manganese from .1 to 2% and as to nickel from .05 to 1%. It is therefore seen that the senior party has disclosed not only the alloying of the particular metals recited in the counts but in percentages embracing the ranges defined in the counts. While alloy No. 3 contains a higher manganese percentage than recited in counts 1 and 2 it is well within the range .01 to 75 parts recited in the Wemple and Daesen application disclosure.

"The ranges recited in the counts cover substantial parts of the ranges disclosed in the two applications. * * *"

No contention is made respecting the correctness of the foregoing finding. The brief filed on behalf of appellants states: "It is apparent that the counts of the interference fall within the ranges of both of the parties to this appeal."

In the final analysis appellants rely upon the fact that the specifications of the respective applications define different results, in that Wemple and Daesen sought and taught ductility as a desideratum, while Peirce and Anderson emphasized resistance to cold flow.

We agree with the Board of Appeals that the results obtained or sought are not controlling. The counts are clear and unambiguous. The party securing the patent is clearly entitled to protection in the use of all substantial parts of the ranges covered. Appellees disclosed the ranges, and upon the record presented are entitled to the award of priority.

Much of what was said by us in the case of Davis et al. v. Isham et al., 71 F.(2d) 204, 21 C. C. P. A. (Patents) 1222, is apposite here.

The authorities cited in the brief for appellants have been carefully examined. We fail to find any analogy between the facts of those cases and the facts of the case at bar.

One of the assignments of error, or reasons of appeal, alleges such irregularities in the declaration of the interference as to preclude a proper determination of the question of priority. The argument upon this point is not very clear, and we fail to find in the record any irregularities touching the declaration.

The brief filed on behalf of appellees contained certain quotations from other applications of Peirce and Anderson not here involved and not made a part of the record on appeal.

Prior to the hearing, appellants filed a motion to strike such matter. Decision upon the motion was reserved pending determination of the case upon the merits.

We think the matter complained of was improperly included in the brief and we have treated it as if stricken. It has not been considered in our determination upon the merits.

The decision of the Board of Appeals is affirmed.

Affirmed.