29 C.C.P.A.(Patents)

## HOLDSWORTH v. GOLDSMITH

Patent Appeals No. 4593.

Court of Customs and Patent Appeals.
June 1, 1942.

George L. Wilkinson and Howard Somervell, both of Chicago, Ill., and E. W. Shepard, of Washington, D. C., for appellant.

Frank Zugelter, of Cincinnati, Ohio (Donald Gardiner, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner of Interferences in awarding priority of invention in the single count involved to the senior party Goldsmith, with respect to an improvement in wall construction.

The single count involved reads as follows:

"Count 3. A wall construction comprising laterally spaced and longitudinal base members, *connecting means rigidly connecting said base members in lateral spaced relation,* upstanding studs located intermediate said base members, said studs being spaced longitudinally relative to each other, *additional means located intermedi-*

*ate said base members and shaped and adapted to hold the lower ends of said upstanding studs against substantial longitudinal movement relative to said base members,* plaster facing covering said studs, said plaster facing exposing said base members." [Italics ours.]

The senior party Goldsmith copied into his application, filed March 2, 1938, a claim, corresponding to the count involved, from a patent No. 2,150,061 to Holdsworth, issued on March 7, 1939, on an application filed August 5, 1938.

Before the Primary Examiner, on motion to dissolve, it was urged by Holdsworth that the Goldsmith disclosure did not support the elements of the count. The Primary Examiner overruled the motion to dissolve as to the involved count. Upon Holdsworth's failure "to make sufficient showing why judgment on the record should not be entered against him, in view of the fact that in his preliminary statement he alleges no date prior to the filing date of Goldsmith," the Examiner of Interferences awarded priority of invention of the count to Goldsmith.

Holdsworth appealed from the decision of the Examiner of Interferences to the Board of Appeals, and it affirmed the action of the Examiner of Interferences and held that Goldsmith's disclosure supported the elements of the count.

The only issue presented in this appeal is the right of Goldsmith to make the claim corresponding to the count.

Holdsworth states at least two reasons why he thinks Goldsmith cannot make the claim corresponding to the count: first, that the count was construed too broadly by the board in view of certain prior art patents referred to as the Peck patents, and that if the count is construed as the board construed it, it would be invalid in the Holdsworth patent, being anticipated by the said Peck patents; second, that the count does not read on the Goldsmith disclosure under any reasonable interpretation, chiefly for the reason that Goldsmith does not disclose the elements which are above italicized in the count.

Preliminary to disposing of the issues, a description of the inventions of the parties, somewhat in detail, will be helpful in making clear their contentions here. The structure of the device of each party is somewhat complicated, and we think it advisable to here reproduce Figures 14 and

15 of the Goldsmith application, and from the discussion which follows, certain features of the Holdsworth disclosure may be understood.

Fig. 15

Fig. 14

INVENTOR
William M. Goldsmith
BY
Frank Quigetten

As before stated, the invention of each party relates to wall structures, particularly in creating room walls or partitions in buildings, in which structures there would be a base member having laterally spaced longitudinal members connected together in spaced relation. The base members of both parties' structures are so devised that they may be fastened to the floor, and the ends of the upstanding studs are fastened between the lateral plates of the base members. Both parties have apparently intended to accomplish the same purpose, and while their structures differ in some particulars they are almost identical in others.

We will now dispose of appellant's first contention with reference to the construction to be given to the count by reason of the stated prior art. This contention is expressed in his reason of appeal No. 5, which reads: "5. The Board of Appeals erred in not considering the prior art in interpreting the subject matter in issue, i. e., Count 3, to necessarily construe said count whereby said count would only be supported by the structure shown in the Holdsworth patent, and not supported by the structure shown in said Goldsmith application."

574

■ After the appeal to this court and after appellant had filed his brief, in which he raised and discussed alleged error on the part of the board in failing to consider the prior art in construing the count, appellee, in a motion to strike a portion of appellant's brief relating to the said Peck patents, called attention to the fact that while the Peck patents were in the rear of appellant's brief, they were not properly a part of the record. Soon thereafter, appellant, upon petition, obtained from this court the issuance of a writ of certiorari to the Patent Office requiring it to certify to this court as a part of the record the two Peck patents. While appellee, in his brief, renews his motion to strike portions of appellant's brief, partly on the ground that said patents were not properly a part of the record, the motion was renewed after the time said patents became a part of the record. We think appellee's motion to strike the specified portions of appellant's brief should be denied in view of the circumstances related, and it therefore will be denied.

On the merits of the issue presented by appellant's reason of appeal alleging error in the board's failure to consider the prior art in interpreting the subject matter of the issue, it is observed that the board, in its decision on this question, had the following to say: "The party Holdsworth has called attention to the patent to Peck No. 2,-057,204 · apparently for the purpose of limiting the interpretation of the count in issue. This patent was never cited in the record of either application. The present rules prohibit the consideration of prior art which is not of record in either application. Under the practice set forth in Sachs v. Ball, 1927 C.D. page 30, we must refuse to consider this patent."

In Rule No. 122 of the United States Patent Office, 35 U.S.C.A. Appendix, the following is found: "At a hearing on a motion to dissolve an interference between an application and a patent, *the prior art of record in the patent file* shall be referred to for the purpose of construing the issue." [Italics ours.]

■ It is noted that the board stated that the rules "prohibit the consideration of prior art which is not of record in either application," and that it refused to consider the Peck patent referred to, under the practice set forth in Sachs v. Ball, supra. While the rule does not affirmatively prohibit the consideration of the prior art

not of record in the patent file of either application, it is the well-settled practice of the Patent Office not to consider the prior art unless it is of record in said patent file. The case cited by the board, Sachs v. Ball, supra, seems to be in point. Particularly in point is certain language used by the first Assistant Commissioner of Patents in the case of Kishpaugh v. Gauthier, 357 O.G. 787: "The issue of an interference is to be construed in the light of the patent or application in which it originated. Prior patents or any other source of information may be used only to ascertain the meaning of doubtful or technical terms or expressions. They may not be used to show that the issue would not be patentable if construed boardly or according to any interpretation based on the patentee's specification or other publications which define the terms used."

In Ryan v. Gauthier, 152 MS. 296, it was stated that the prior art could not be used to show that the count read upon the prior art if construed in a certain way "since the issue must be construed broadly, in the light of the specification of the patent or application in which it originated, and a patentee in interference may not deny the patentability of his own claims."

■ We think that appellant's reason of appeal presenting this issue to the court is without merit, and the Board of Appeals was fully justified in refusing to consider the subject matter of the above referred to patent in construing the count. Although the board did not, in its decision, make any reference to the Peck patent No. 2,052,-033, our conclusion here would apply to that patent as well as to patent No. 2,057,204. It is too well settled to require citation that for interference purposes counts in issue must be given the broadest construction the language will reasonably support. It is true that the practice is also well settled that in an interference proceeding, where the language of a count corresponding to a claim in a patent or an allowed claim in an application is ambiguous, the patent tribunals are warranted in so construing the count that it will be patentable over the prior art cited in ex parte consideration of an application; but they may not, by interpretation of an unambiguous count, distort the plain meaning of its language by reading thereinto, for the purpose of avoiding the prior art, an unwarranted limitation. When an applicant has so broadly claimed that he encroaches upon the prior

art, he may not thereafter insist, for the purpose of avoiding a priority contest, that unwarranted limitations be read into the count corresponding to his claim. Deibel v. Heise & Schumacher, 46 F.2d 570, 18 C.C.P.A., Patents, 907, and cases cited therein.

For the foregoing reasons it would seem clear that, under the circumstances at bar, the board properly refused to consider the Peck patents in interpreting the count.

■ As to appellant's second reason why he thinks Goldsmith is not entitled to make the claim corresponding to the count, we think his reason of appeal No. 4, while couched in very broad language and lacking in specificity much that could be desired, should be regarded, under the particular circumstances of this case, as sufficient to warrant our considering what we regard as the only important question before us. Reason of appeal No. 4 reads: "4. The Board of Appeals erred in not awarding priority of the subject matter in issue, i. e., Count 3, to Holdsworth on the grounds that the disclosure of the party Goldsmith in his Application Serial No. 193,564, filed March 2, 1938, for Partition Structure does not support Count 3."

It is true that appellant has not pointed out in any reason of appeal, as would have been proper, the particular elements in the count which he claims the Goldsmith application does not disclose. Nevertheless, the Goldsmith structure is before us and the count is before us and appellant's reason of appeal alleges error on the part of the board in awarding priority to Goldsmith since the "disclosure of the party Goldsmith * * * does not support Count 3."

In brief and in oral argument appellant urges that the Goldsmith structure is deficient, first, in that element of the count which calls for "connecting means rigidly connecting said base members in lateral spaced relation." The tribunals of the Patent Office and the appellee rely upon the element 91 in figure 14, supra, as the means which rigidly connects the base members 93 and 94. Appellant argues that member 91 is not designed for rigid support, whereas in his disclosure the phrase in the count referred to brackets which are somewhat heavy and are spot welded to the lighter side plates. He also claims other means for rigidly holding the base members together.

On this phase of the case also we are in agreement with the holdings of the tribunals below. While the rigidity of the member 91, which is the bottom of the base in the Goldsmith structure, is not emphasized in his application, probably for the reason that (as is likewise shown in appellant's structure) there is another means provided for rigidly connecting the plates together, we are, nevertheless, of the opinion that this element of the count, when construed broadly, reads upon the Goldsmith disclosure. As was stated by the board, the question of rigidity is a relative one.

The second element of the count which appellant contends the Goldsmith structure does not support is that calling for "additional means located intermediate said base members and shaped and adapted to hold the lower ends of said upstanding studs against substantial longitudinal movement relative to said base members." It is in this feature that the structures of the parties differ; but the phrase is broad, and we agree with the tribunals below and the appellee that this element of the count is supported in the Goldsmith structure by the element 92, which is a partly cut-out portion that may be raised and used for the purpose of holding the foot of the stud so as to prevent it from moving longitudinally.

Appellant's objection to regarding said element numbered 92 as sufficient structure to meet the requirements of the last-quoted phrase of the count is to the effect that 92 is a part of 91, and that in construing claims in interference proceedings, regardless of whether they are given a broad or narrow construction, one element may not answer for two elements where the count reads upon two elements in the patent from which it was taken. In other words, appellant contends that 92 is a part of 91 and that 91 cannot serve to support the first limitation and then the second limitation as an additional means. Appellant cites Ex parte Pierce, 24 U.S.P.Q. 389, 390, where the following was said: "* * * However, we know of no case in which it has been held proper to claim a single element by a multiple recitation of means or to claim the element and then later to claim an additional means, as in the present case."

■ The rule invoked by appellant states, in substance, the fairly well settled law on the question. If a patent disclosure

shows two elements which perform two different functions and the patent claim is drawn to define both as separate elements, a disclosure which has only one element, performing both functions, will not be regarded as supporting the count. See Kreidel v. Parker, 97 F.2d 171, 25 C.C.P.A., Patents, 1242, 1244; Nieblo Mfg. Co. v. Preston et al., D.C., 31 F.2d 145, 148, affirmed 2 Cir., 39 F.2d 604; and Ex parte Horton and Keen, 1912 C.D. 276. Holdings which, in a sense, make exceptions to the rule are: Ex parte Duncan et al., 28 App.D.C. 457, 1906 C.D. 348, 349; and Ex parte Hammond, Jr., 1924 C.D. 43. See also "Patent Office Practice," McCrady, section 109, page 83, and "Patent Claim Drafting," Stringham, section 5446, page 209.

The rule above announced and invoked by appellant, however, is not applicable in the instant case. As we view it, element 92 is struck up from element 91. It does not serve the purpose of "rigidly connecting said base members." Its rigidity or lack of rigidity has nothing to do with this element of the count, and in that sense it is not a part of 91. It is no more a part of it than if it had been welded or otherwise fastened to it. In Goldsmith, element 92, instead of serving the purpose of rigidly connecting said base members, is adapted to serve and serves the purpose of holding the "lower ends of said upstanding studs against substantial longitudinal movement."

After considering the disclosure of appellant's patent, from which the count came, we are of the opinion that "additional means" cannot possibly refer to element 91 of Goldsmith, which adds rigidity to the structure, but refers only to means created from a portion of element 91 for preventing longitudinal movement.

In the light of the foregoing conclusions, it seems clear that Goldsmith's element 91 supports the first controverted limitation and that element 92, which does not aid in the performance of any of the functions claimed for element 91, may properly be regarded as supporting the second controverted element of the count.

The decisions of the tribunals below are not very helpful upon this particular question. The record does not show that the exact question presented here was presented to the Primary Examiner or to the Board of Appeals. The Primary Examiner contented himself with holding that the involved count 3 was sufficiently disclosed in the Goldsmith structure, without considering the so-called question of *double reading*. The Examiner of Interferences had no occasion to rule on the question. The Board of Appeals stated: " * * * The count calls for 'additional means located intermediate said base members and shaped and adapted to hold the lower ends of said upstanding studs against substantial longitudinal movement.' In Fig. 14 of the Goldsmith application the horizontal flange on the lower end of the stud members is tucked under struck-up parts 92 of the base member. As stated in lines 12–14, page 9 of this application the next adjacent lug 92 can be bent up so as to lock the stud against longitudinal movement. Flanges or struck-up tongues from the horizontal flange at the bottom of the stud will lock the stud against sidewise movement. The only difference noted between the two structures is that the 'additional means' set forth in the count is provided by tongues struck-up from the connecting means 91 of Goldsmith while in the Holdsworth patent two separate and distinct parts are used to perform this function * * *. It is believed, however, that the count is broad enough to read on both structures. It is not deemed necessary to refer to the other features of the count since it is clear that they read on the Goldsmith disclosure in the same way that they read on the Holdsworth construction."

In view of our above conclusions and since it is not contended here that the Goldsmith structure is not sufficient to support the other elements of the count, it follows that the Board of Appeals did not err in affirming the decision of the Examiner of Interferences in awarding priority of the invention defined by the count to the party Goldsmith, and its decision so doing is affirmed. Appellee's motion to strike parts of appellant's brief is denied.

Affirmed.