In this military pay case, before us on cross-motions for summary judgment, the plaintiff seeks severance pay to which he would have been entitled had he been disabled for military service when he voluntarily resigned his commission. He was found physically qualified when separated from active duty. He challenges as arbitrary and capricious and unsupported by substantial evidence the refusal of the Board for Correction of Naval Records ("Correction Board”) to change his records to show that he was 20 percent disabled upon separation. After hearing oral argument, we uphold the decision of the Correction Board and dismiss the petition.
I.
The plaintiff served on active duty in the Navy from 1966 to 1978, as an enlisted man until 1972, and then as an officer. In 1970, the plaintiff was diagnosed as suffering from mild hypertension and mild diabetes mellitus. The conditions were determined not to have existed prior to his enlistment, to have been incurred in the line of duty, and not to have been caused by the plaintiffs misconduct. The medical report pronounced the plaintiff fit for duty. Although the plaintiffs physical examination when he was commissioned showed him physically unqualified, the Navy waived the disabilities.
The plaintiffs physicial examination upon separation noted his physical deficiencies but found him qualified for duty. He was transferred to the Naval Reserve in Chicago. After a short time there, he moved to Dallas. When he attempted to transfer to the Reserves in Dallas, however, he was given another physical examination and found unfit for *633 duty as a result of his high blood pressure of 119, which exceeded the normal Navy limit of 110, and his diabetes mellitus. Another reason for the finding of unfitness was obesity, but the Navy later abandoned that ground.
Following this examination, the Navy determined that the plaintiff was not physically qualified for retention in the Navy. Five months after the plaintiffs release from active duty, the Central Physical Evaluation Board ("Evaluation Board”) also found him unfit for military service. In January 1980, the plaintiff was transferred to the Retired Reserve.
Prior to the decision of the Evaluation Board, the Veterans Administration, on the basis of its own physical examination, determined that plaintiff was 20 percent disabled. At that examination, his blood pressure ranged from 90 to 110.
After the decision of the Veterans Administration, the plaintiff applied to the Correction Board to change his records to show that he was physically unfit at the time of separation. That change would have enabled the plaintiff to obtain disability severance pay. In response to a request from the Correction Board, the Evaluation Board reconsidered its prior determination. The Evaluation Board set aside its previous finding that the plaintiff was unfit, and substituted the finding that he was physically qualified. It requested the Correction Board to correct the plaintiffs record to reflect that determination.
In so ruling, the Evaluation Board considered the Veterans Administration’s physical examination, which had not been available to it when it made its earlier determination of unfitness. The Evaluation Board noted that both of the grounds of disability upon which the plaintiff relied— hypertension and diabetes mellitus — had existed while the plaintiff was on active duty and that "[n]either condition precluded him from being commissioned or completion of his assigned duties, both at sea and ashore.” The Board states: "The current records indicate there has been no significant change in the petitioner’s ratable conditions of essential hypertension and diabetes mellitus from what the status of these conditions were during his period of active duty.”
*634 The Correction Board denied the plaintiffs application to change his records to show that when he was separated, he was unfit for military duty by reason of a physical disability. The plaintiff then filed the present suit challenging the Board’s decision.
II.
Our review of decisions of military correction boards is limited to determining whether the Board’s decision was arbitrary or capricious, unsupported by substantial evidence, or not in accord with applicable laws, regulations or policies. Wesolowski v. United States, 174 Ct. Cl. 682, 688-89 (1966). We cannot conclude that, in refusing to change the plaintiffs record to show that he was unfit for military duty when he was separated, the Correction Board violated those standards.
The ultimate question before the Correction Board was whether the plaintiff was physically fit for duty when he was voluntarily separated. The plaintiff had been on active duty for 12 years, during which he suffered from the same physical conditions upon which he now bases his claim of unfitness. Despite those conditions, he was able to perform his military duties in an excellent manner. The plaintiffs last fitness report, rendered in July 1978, just after his separation, stated that he "has continued to perform all assigned tasks in an outstanding and professional manner,” placed him among the top one percent of Navy officers, gave him the highest scores in all categories, and praised him highly. Plaintiff was a superior officer, and his ability to perform so well militates against a conclusion of unfitness. Imhoff v. United States, 177 Ct. Cl. 1, 7 (1966), cert. denied, 389 U.S. 844 (1967).
The Evaluation Board’s first determination that, five months after the plaintiffs separation, he was unfit, apparently rested primarily upon the single blood pressure reading of 119. The subseqent Veterans Administration physical examination, however, resulted in four blood pressure readings between 90 and 110. Only once before, at plaintiffs recruitment physical examination in 1966, had the plaintiffs blood pressure exceeded 110.
*635 The Evaluation Board, upon the recommendation of which the Correction Board apparently relied heavily, had an adequate basis upon which to reverse its prior determination of unfitness. Although the plaintiff challenges the authority of the Evaluation Board to change its decision, we know of no rule that prohibits it from taking that action in the circumstances here, where the additional information presented to it after its first decision indicated that its prior ruling, made only five months earlier, had been erroneous. Bookman v. United States, 197 Ct. Cl. 108, 453 F.2d 1263 (1972).
The plaintiff argues that since the Veterans Administration findings related only to hypertension and not to diabetes, and since the first Evaluation Board determination of unfitness rested upon both conditions, the diabetes disability still remained and required a determination of unfitness. He cites section V(A)(l)(a) of Department of Defense Directive 1132.18 (1968), which states that "[a]n individual may be unfit because of physical disability . . . resulting from the overall effect of two or more impairments even though no one of them, alone, would cause unfitness.” This argument cuts against the plaintiff, however. Although in its first decision the Evaluation Board may have concluded that hypertension and diabetes together made the plaintiff unfit, it could also have concluded justifiably in its second decision that the diabetes alone did not have that effect.
Hutter v. United States, 170 Ct. Cl. 517, 345 F.2d 828 (1965), upon which the plaintiff relies, is distinguishable. There the court held that the Correction Board had acted arbitrarily and capriciously in refusing to change the records of a serviceman suffering from hypertension to show that he was unfit when he was released from active duty. In that case, however, the blood pressure readings were significantly higher than those in this case. The question whether a correction board acted arbitrarily or capriciously in refusing to find that a particular serviceman was unfit necessarily turns upon all the circumstances of the particular case. The fact that in Hutter we set aside the Board’s decision of fitness as arbitrary does not require the *636 same conclusion in the different circumstances of the present case. j
As the government recognized at oral argument, the plaintiff now may seek readmission to the Naval Reserve. He can point to the Evaluation Board’s reversal of its earlier determination of unfitness, his record showing that he was fit upon separation, and the fact that the same disabilities upon which the Reserve based its refusal to accept him did not adversely affect his ability to perform effectively his military duties while in active service.
In view of our disposition of this matter, we find it unnecessary to reach the plaintiffs motion to strike a portion of the defendant’s cross-motion for summary judgment and defendant’s objection to plaintiffs motion for summary judgment. We point out, however, that there is no occasion for a party to move to strike portions of an opponent’s brief (unless they be scandalous or defamatory) merely because he thinks they contain material that is incorrect, inappropriate, or not a part of the record. The proper method of raising those issues is by so arguing, either in the brief or in a supplemental memorandum, but not by filing a motion to strike.
Plaintiffs motion for summary judgment is denied, the defendant’s motion for summary judgment is granted, and the petition is dismissed.
Plaintiffs motion for rehearing was denied January 15, 1982.