F.LLI DE CECCO DI FILIPPO FARA SAN MARTINO S.P.A.; La Molisana Industrie Alimentari S.p.A.; Rummo S.p.A. Molino E Pastificio; and Pastificio Fratelli Pagani S.p.A., Plaintiffs,

Barilla Alimenari S.p.A.; Association of Food Industries Pasta Group; and Industria Alimentari Colavita S.p.A., Plaintiffs–Intervenors,

v.

UNITED STATES, Defendant,

and

Borden, Inc.; Hershey Foods Corp.; and Gooch Foods, Inc., Defendants–Intervenors.

Slip Op. 97–142.
Court No. 96–08–01930.

United States Court of International Trade.

Oct. 2, 1997.

Gilbert, Segall and Young LLP, (Jeffrey E. Livingston, David D. Howe, and Anthony J. Harwood), New York City, for F.lli De Cecco di Filippo Fara San Martino S.p.A. and Pastificio Fratelli Pagani S.p.A., plaintiffs.

Rogers & Wells, (William Silverman and Douglas J. Heffner), Washington, DC, for La Molisana Industrie Alimentari S.p.A. and Rummo S.p.A. Molino e Pastificio, plaintiffs.

Colavita USA, (Anthony J. Profaci), Albany, NY, for Industria Alimentari Colavita S.p.A., plaintiff–intervenor.

Harris & Ellsworth, (Herbert E. Harris II, Cheryl Ellsworth, Jeffrey S. Levin and Jennifer de Laurentiis), Washington, ·DC; for Association of Food Industries Pasta Group, plaintiff–intervenor.

O'Melveny & Meyers (Peggy A. Clarke, Gary N. Horlick and Lisa H. Marino), Washington, DC, for Barilla Alimentari S.p.A., plaintiff–intervenor.

Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Delfa Castillo and Jeffrey Tellup), Dean Pinkert, Attorney–Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

Collier, Shannon, Rill & Scott, PLLC, (Paul C. Rosenthal, David C. Smith, Lynn E. Duffy, Eric R. McClafferty and Craig L. Silliman), Washington, DC, for Borden, Inc., Hershey Foods Corp. and Gooch Foods, Inc., defendant-intervenors.

### *OPINION*

RESTANI, Judge.

Commerce moves to strike the affidavits of William Silverman and Douglas J. Heffner, attached to plaintiffs La Molisana Industrie Alimentari S.p.A. ("La Molisana") and Rummo S.p.A. Molino e Pastificio's ("Rummo") motion for judgment on the agency record.

### Background

The affidavits describe telephone conversations between Gary Taverman and John Brinkman, Commerce officials responsible for conducting the antidumping investigation, and William Silverman and Douglas Heffner, attorneys at Rogers & Wells, representing La Molisana and Rummo. The affidavits describe telephone calls on January 29, 1996, in which the Commerce officials asked the attorneys if the Italian pasta companies represented by Rogers & Wells would request an extension of the provisional measures from four months to six months. The Commerce officials also informed plaintiffs that if they did not consent to an extension of the provisional measures, Commerce would accelerate the date of the final determination by as much as two months. Mr. Silverman was contacted again on February 1, 1996, by the same Commerce officials seeking the same request. After the two telephone calls, no one from Commerce contacted the two affiants regarding the plaintiffs' willingness to submit to an extension of provisional measures. On February 7, 1996, in an opinion memorandum placed in the administrative record from the Office of the Chief Counsel for Import Administration to the Assistant Secretary for Import Administration, Commerce concluded that it was not necessary for the Italian pasta exporters to explicitly request an extension of provisional measures. Memorandum from Marguerite Trossevin, Office of General Counsel, Import Administration, to Susan Esserman, Assistant Secretary for Import Administration 4 (Feb. 7, 1996); DeCecco App., Tab 12, at 4 (hereinafter *"Opinion Memorandum"*). Commerce found that plaintiffs' written request for postponement of the final determination contained a request, implied by law, to extend the provisional measures period. *Opinion Memorandum,* at 4; DeCecco App., Tab 12, at 4.

### Discussion

Plaintiffs submit the affidavits to demonstrate that they informed Commerce that at least some of the pasta companies explicitly expressed their desire that provisional measures not be extended, while there were no companies which asked to extend the provisional measures. They also submit the affidavits to show that the Commerce officials believed at the time of these telephone conversations, that it was necessary for the exporters to expressly request or consent to an extension of the provisional measures in order for Commerce to extend them. Plaintiffs argue that a record of the telephone conversations should have been included in the administrative record. As the record is incomplete without this information, plaintiffs argue that the court should allow the affidavits to remain.

Commerce claims that La Molisana and Rummo are attempting to supplement the

administrative record with documents created after publication of the final determination. As the affidavits were created after publication, Commerce claims they were not part of the decision-making process and should thus be excluded from consideration by the court. Commerce argues that had La Molisana and Rummo thought the conversations were relevant to the final determination, they should have submitted a memorandum to Commerce memorializing the information discussed in the telephone calls during the investigation. Further, Commerce argues that the affidavits should be stricken as the telephone conversations did not involve (a) the person charged with making the determination, or (b) any person charged with making a final recommendation to that person, and thus it was not necessary to place a summary of the conversations on the administrative record pursuant to 19 U.S.C. § 1677f(a)(3). Commerce argues that as the record is complete, the court should not consider the affidavits when making its decision.

■ A court will only consider matters outside of the administrative record when there has been a *"strong showing* of bad faith or improper behavior on the part of the officials who made the determination" or when a party demonstrates that there is a *"reasonable basis* to believe the administrative record is incomplete." *Saha Thai Steel Pipe Co. v. United States,* 11 CIT 257, 259, 261, 661 F.Supp. 1198, 1201–02 (1987)(emphasis in original).

The relevant statutes are 19 U.S.C. § 1516a(b)(2)(A)[1], which defines the record in a challenge to a final determination, and 19 U.S.C. § 1677f(a)(3)[2], which describes *ex*

*parte* meetings, record of which must be filed on the administrative record.

Commerce, citing many cases in which the court did not allow a party to introduce information created after Commerce had published a final determination, argues that the court rarely allows a party to supplement the record and should not change its previous practice in the present matter. The cases to which Commerce cites, however, are all distinguishable. Each involves a party seeking to enter into the record, or discover, information where there existed no reasonable basis to believe that the record was incomplete. *See e.g., Beker Indus. Corp. v. United States,* 7 CIT 313, 313–14 (1984); *Bethlehem Steel Corp. v. United States,* 5 CIT 236, 236, 566 F.Supp. 346, 347 (1983); *Nakajima All Co. v. United States,* 2 CIT 25, 25–26 (1981). In each of these cases, a party sought to enter into the record information obtained after the administrative proceeding had been completed or from other unrelated administrative proceedings. *See Beker Indus. Corp.,* 7 CIT at 317; *Bethlehem Steel Corp.,* 5 CIT at 236, 566 F.Supp. at 347; *Nakajima All Co.,* 2 CIT at 25. In the present case, however, Commerce solicited the information from the attorneys by telephone during the investigation. As the affidavits only cover those telephone conversations, plaintiffs claim, and the court agrees, that they are not seeking to add to the record information which was obtained or written after Commerce published the final determination. All of the information in the affidavits was in front of Commerce during the investigation, regardless of whether or not Commerce chose to ignore it. Plaintiffs argue that the court has allowed parties to submit affidavits describing their interactions

---

**1.** Section 1516a(b)(2)(A) of Title 19 states
  (2) Record for review
  (i) a copy of all information presented to or obtained by the Secretary, the administering authority, or the Commission during the course of the administrative proceeding, including all governmental memoranda pertaining to the case and the record of ex parte meetings required to be kept by section 1677f(a)(3) of this title ...
  19 U.S.C. § 1516a(b)(2)(A)(i) (1994).

**2.** Section 1677f(a)(3) of Title 19 states
  (3) Ex parte meetings

The administering authority and the Commission shall maintain a record of any ex parte meeting between—
  (A) interested parties or other persons providing factual information in connection with a proceeding, and
  (B) the person charged with making the determination, or any person charged with making a final recommendation to that person, in connection with that proceeding,
if information relating to that proceeding was presented or discussed at such meeting.
19 U.S.C. § 1677f(a)(3) (1994).

with Commerce during an investigation, *see Smith Corona Corporation v. United States,* 13 CIT 599, 602–03, 718 F.Supp. 63, 66 (1989) (mentioning affidavit submitted by party without explicitly ruling on whether it is a part of the administrative record), and the court should do so in this instance, especially when the meeting was initiated by Commerce officials.

■ Commerce also claims that if La Molisana and Rummo wanted the information that was solicited and obtained by Commerce to be on the record, then the plaintiffs should have submitted a written memorandum to Commerce asking that the conversations be memorialized on the record. However, Commerce does not offer any basis for the existence of such a duty. Commerce initiated the discussion and solicited the information. Thus, as La Molisana and Rummo claim, it would be absurd for a party to be responsible for placing on the record information that Commerce itself sought and obtained. Further, La Molisana and Rummo contacted Jeffrey Telep, United States Department of Justice, soon after Commerce submitted the record, to obtain an explanation as to why a summary of the conversations was not included as well as to request that the record be corrected. As they did not receive a response from Mr. Telep before the briefs supporting their motion for judgment on the agency record were due, La Molisana and Rummo submitted the affidavits along with their brief. Thus, if there was any obligation of plaintiffs to seek to correct the record, they have attempted to do so in a timely manner.

Commerce argues that the *ex parte* meeting provision only applies to meetings with the Assistant Secretary for Import Administration and the Deputy Assistant Secretary for Import Administration, for these would be the two administrators discussed in section 1677f(a)(3)(B). As neither the Assistant Secretary nor the Deputy Assistant Secretary were involved in the conversations, Commerce argues that it was not required to place in the administrative record any record of the conversations. Plaintiffs counter with several arguments.

Plaintiffs first argue that the Commerce officials involved, Mr. Taverman and Mr. Brinkman, acted in the capacity of decision-makers or very close to decision-makers on several occasions throughout the investigation. At various times, they both signed determinations that were sent to plaintiffs on matters regarding the investigation. Plaintiffs argue that Mr. Taverman and Mr. Brinkman are senior staff members who rank just below the top political appointees, and were thus responsible for making most of the decisions in this investigation.

Plaintiffs further argue that even if Mr. Taverman and Mr. Brinkman were not decision-makers (or the people making final recommendations to the decision-makers), they acted on behalf of the decision-makers. Plaintiffs cite *Sachs Automotive Products Company v. United States,* 17 CIT 290 (1993), in which the government made a similar argument to the one made in the present case. There, Commerce argued that a case analyst's conversations with interested parties were not required to be recorded as *ex parte* meetings as she was not a "decision-maker." *Id.* at 293 n. 2. While the court in that instance did not reach the issue, it did note that in *Exxon Corporation v. Department of Energy,* 91 F.R.D. 26 (N.D.Tex. 1981), a similar argument was met with skepticism. The court in *Exxon* ruled that "to the extent the agency's final decision was in fact based on a compendium of materials, documents, submissions, and initial staff decisions and opinions, these constitute the whole record in this case." *Id.* at 36. Moreover, the court noted

> [t]he 'whole administrative record' is not necessarily those documents that the *agency* has compiled and submitted as 'the' administrative record.... The 'whole' administrative record, therefore, consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position.

*Id.* at 32–33 (emphasis in original).

■ While it is clear that neither Mr. Taverman nor Mr. Brinkman is the person who made the final determination nor the person charged with making the final recommenda-

tion to the decisionmaker, plaintiffs' argument makes sense. If the court were to agree with Commerce's claim that only conversations including the Assistant Secretary for Import Administration or the Deputy Assistant Secretary for Import Administration are required to be memorialized in the administrative record, then a record of meetings where important information is discussed may not be placed in the record. Commerce would thus have the ability to ignore important information and "evidence contrary to the agency's position" by having a staff person meet with, and solicit information from, interested parties.

In reality, unfair trade investigations are conducted by staff people at Commerce and not by the person making the final determination. These staff people conduct investigations on behalf of the Assistant Secretary for Import Administration and information is conveyed to them by interested parties who believe that Commerce will take the information into account when making a final determination. As the Senate report accompanying the *ex parte* meetings provision states, "[a]ntidumping and countervailing duty proceedings are investigatory rather than adjudicatory in nature, and this provision is intended to insure that all parties to the preceeding [sic] are more fully aware of the presentation of information to the administering authority or the ITC." Trade Agreements Act of 1979, S.Rep. No. 96–249, at 100 (1979) *reprinted in* 1979 U.S.C.C.A.N. 381, 486.

Plaintiffs also argue, and the court agrees, that an *ex parte* meeting memorandum should have been placed in the record as it would have been consistent with Commerce's practice in this investigation. The record contains at least two summaries of *ex parte* meetings, both of which were between interested parties and Commerce officials including Mr. Brinkman. Neither the Assistant Secretary nor the Deputy Assistant Secretary attended the meetings, but summaries of the meetings were placed in the record.[3] Therefore, it would be inconsistent for Commerce to argue that there is no need to place in the record a summary of the telephone conversations during which factual information was solicited and obtained, when Commerce has placed summaries of similar meetings in the record.

As La Molisana and Rummo have demonstrated that the administrative record is incomplete, the court accepts the affidavits as part of the record. Furthermore, defendant's motion to strike the affidavits of William Silverman and Douglas Heffner and any reference thereto is denied.

---

**3.** *See* Memorandum from Donna Berg to the File 1 (July 26, 1995); La Molisana App., Tab 13, at 1. *See also* Memorandum from Cindy Lai through John Brinkman to the File 1 (Oct. 20, 1995); La Molisana App., Tab 14, at 1.