**Slip Op. 01-51**

# UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE:  RICHARD K. EATON, JUDGE**

|  |  |  |
|---|---|---|
| | : | |
| **KAO HSING CHANG IRON & STEEL CORP.**, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| and | : | |
| | : | |
| **ACI CHEMICALS, INC., et al.**, | : | |
| | : | |
| Plaintiff-Intervenors, | : | |
| | : | |
| v. | : | **Consol. Court No. 00-01-00026** |
| | : | |
| **UNITED STATES**, | : | |
| | : | |
| Defendant, | : | |
| | : | |
| and | : | |
| | : | |
| **WHEATLAND TUBE CO.**, | : | |
| | : | |
| Defendant-Intervenor. | : | |
| | : | |

Plaintiff moved to amend administrative record to include its affidavits memorializing ex parte meeting with officials of United States Department of Commerce ("Commerce").  The United States Court of International Trade, Eaton, J., held that Commerce has a duty under 19 U.S.C. § 1677f(a)(3) (1994) to draft, and include in record of administrative proceeding, a record of ex parte meeting between Commerce and interested party during which factual information related to such proceeding was presented or discussed, such that failure to do so constitutes a reasonable basis for concluding that administrative record is incomplete.

[Plaintiff's motion granted.]

Dated:  April 19, 2001

     *Ablondi, Foster, Sobin & Davidow, P.C.* (*F. David Foster* and *Kristen S. Smith*), for Plaintiff.

     *Stuart E. Schiffer*, Acting Assistant Attorney General of the United States; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Velta A. Melnbrencis*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; of counsel: *Stephen M. DeLuca*, Office of the Chief Counsel for Import Administration, United States Department of Commerce, for Defendant.

     *Schagrin Associates* (*Roger B. Schagrin*), for Defendant-Intervenor.

## MEMORANDUM OPINION AND ORDER

     **EATON, JUDGE:**  Plaintiff Kao Hsing Chang Iron & Steel Corporation ("Plaintiff") moves to amend the administrative record in this action challenging a final determination of the United States Department of Commerce ("Commerce") with respect to an administrative review of the antidumping order covering certain circular welded carbon steel pipes and tubes from Taiwan.  See Certain Circular Welded Carbon Steel Pipes and Tubes From Taiwan:  Final Results of Antidumping Duty Administrative Review, 64 Fed. Reg. 69,488 (December 13, 1999).  The court has exclusive jurisdiction over this action.  See 28 U.S.C. § 1581(c) (1994); 19 U.S.C. § 1516a(a) (1994).  For the reasons set forth below, the Court grants Plaintiff's motion.

## BACKGROUND

     This motion arises from an ex parte meeting held between Plaintiff's counsel and Commerce officials on March 23, 1999.  It is undisputed that on that day, and at Plaintiff's request, Commerce officials who acted as case analysts and supervisors in the contested review, met with counsel for Plaintiff and discussed factual matters concerning Commerce's investigation.  No other parties or their representatives were present.  No memorandum or other

record of the meeting was made by Commerce or included in the administrative record, which was filed on April 18, 2000. Thereafter, Plaintiff brought this motion, seeking to include in the record two affidavits memorializing the meeting of March 23, 1999.

Plaintiff contends that Commerce had an obligation pursuant to 19 U.S.C. § 1677f(a)(3) (1994) to memorialize, in writing, the ex parte meeting of March 23, 1999, and to include such written summary in the official record of the underlying administrative review. (Pl.'s Mem. Supp. Mot. Amend R. at 2.) Plaintiff further contends that Commerce's failure to do so constitutes a reasonable basis for concluding that the administrative record is incomplete. (Id. at 1-2.)

The United States ("Government"), on behalf of Commerce, claims that 19 U.S.C. § 1677f(a)(3) is inapplicable on its face, as neither the person charged with making the determination, i.e., the Secretary of Commerce, nor a person charged with making a final recommendation to that person, i.e., the Assistant Secretary or Deputy Assistant Secretary of Commerce, was present at the meeting. (Def.'s Mem. Opp'n to Mot. Amend R. at 4.) The Government argues that the statute does not require Commerce to maintain a record "each time that some Commerce official meets with interested parties or their counsel" (id. at 3), particularly in instances where, as here: (1) Commerce did not seek the meeting; and (2) the other interested parties, who were not present or represented at the meeting, have not objected to the lack of such a record. (Id. at 5.) Defendant-Intervenor Wheatland Tube Company ("Defendant-Intervenor") urges the denial of Plaintiff's motion on two additional grounds. First, Defendant-Intervenor claims that "[d]iscussion of legal issues or previously submitted factual

data does not warrant preparation of an ex parte meeting memorandum." (Def.-Intervenor's Mem. Opp'n to Mot. Amend R. at 2.) Second, Defendant-Intervenor asserts that the information Plaintiff seeks to place in the record should have been the subject of questionnaire responses. (Id. at 3.)

## DISCUSSION

In the context of a challenge to a final administrative determination rendered under 19 U.S.C. § 1675(a)(1), judicial review is typically limited to the administrative record. See Saha Thai Steel Pipe Co. v. United States, 11 CIT 257, 259, 661 F. Supp. 1198, 1201 (1987). The administrative record is defined broadly by 19 U.S.C. §1516a(b)(2)(A) as copies of "all information presented to or obtained by the Secretary, [or] the administering authority, . . . during the course of the administrative proceeding, including . . . the record of ex parte meetings required to be kept by section 1677f(a)(3) of this title." 19 U.S.C. §1516a(b)(2)(A)(i); see also 19 C.F.R. § 351.104(a)(1) (1999) ("The official record will include government memoranda pertaining to the proceeding, memoranda of ex parte meetings, determinations, notices published in the Federal Register, and transcripts of hearings."). Section 1677f(a)(3), in turn, defines the statutory duty to record ex parte meetings as follows:

> (3) Ex Parte meetings
>
> > The administering authority . . . shall maintain a record of any ex parte meeting between –
> >
> > > (A) interested parties or other persons providing factual information in connection with a proceeding, and
> > > (B) the person charged with making the determination, or any person charged with making a final recommendation to that person, in connection

with that proceeding,

> if information relating to that proceeding was
> presented or discussed at such meeting.

19 U.S.C. § 1677f(a)(3); see also Nippon Steel Corp. v. United States, 24 CIT __, __, 118 F.

Supp. 2d 1366, 1373 (2000) (and cases cited therein).  "A court will only consider matters

outside of the administrative record when there has been a 'strong showing of bad faith or

improper behavior on the part of the officials who made the determination' or when a party

demonstrates that there is a 'reasonable basis to believe the administrative record is incomplete.'"

F.lli De Cecco di Filippo Fara San Martino S.P.A. v. United States, 21 CIT 1124, 1126, 980 F.

Supp. 485, 487 (1997) (citing  Saha Thai, 11 CIT at 259, 261, 661 F. Supp. at 1201–02).  Here,

Plaintiff does not allege bad faith or improper behavior on the part of Commerce officials, but,

rather, contends that the record is incomplete due to Commerce's failure to maintain a record of

the ex parte meeting of March 23, 1999.  Thus, the question presented is whether the failure of

Commerce to make and include in the administrative record a record of an ex parte meeting

between Commerce officials and an interested party, during which it is undisputed that factual

information related to the relevant proceeding was presented or discussed, constitutes a

reasonable basis for determining that the administrative record is incomplete.  The Court

concludes that it does.


Both section 1677f(a)(3), and the case law construing it, compel the conclusion that

Commerce was required to make a memorandum of the March 23, 1999 meeting, and to include

such memorandum in the record for review.  First, the assertion that neither the Secretary of

Commerce; the Assistant Secretary of Commerce; nor the Deputy Assistant Secretary of

Commerce was present does not relieve Commerce of its duty to make a record. Such

proposition would have the Court disregard the actual manner in which Commerce conducts

these investigations, and would give a meaning to the statute so constricted as to defeat

Congress's intention to "insure that all parties to the preceeding [sic] are more fully aware of the

presentation of information to the administering authority." S. Rep. No. 96-249, at 100 (1979),

reprinted in 1979 U.S.C.C.A.N. 381, 486; see also Nippon Steel, 24 CIT at __, 118 F. Supp. 2d

at 1374 (noting that Commerce's failure to fulfill its statutory obligation undermined legislative

"goal of transparency"). The Government's argument that, in the absence of the Secretary, either

the Assistant Secretary or Deputy Assistant Secretary must be present in order to trigger

application of the statute, asks the Court to give greater dignity to the movement of documents

than to the actual drafting and presentation of recommendations. The heart of this inquiry,

however, lies not in the titles of agency officials but in their roles. See Exxon Corp. v. Dep't of

Energy, 91 F.R.D. 26, 37 (N.D. Tex. 1981) ("[T]he focus of inquiry into record definition is how

the agency actually functions in its decision-making, not the labels attached to the stages of its

decisional processes."). In point of fact, the Commerce officials who attended the ex parte

meeting of March 23, 1999 were those charged with the conduct of the investigation from the

time of its inception. See, e.g., Theodore W. Kassinger & Rosemary E. Gwynn, Law & Practice

of United States Regulation of International Trade, Antidumping Duty Investigations 28, 30

(Charles R. Johnston, Jr., ed., 1996) ("Upon initiation of [a] case, Commerce . . . will assign a

supervisor and case handlers to the investigation. . . . As a matter of practice, there is in any case

frequent contact between the agencies' case handlers and representatives of the parties."); see

also De Cecco, 21 CIT at 1128–29, 980 F. Supp. at 489 ("In reality, unfair trade investigations

are conducted by staff people at Commerce and not by the person making the final

determination."). Indeed, the court in <u>De Cecco</u>, after making similar observations, rejected this line of reasoning. <u>See id.</u> The Government's argument is then unconvincing because, for all practical purposes, the Commerce officials present at the March 23, 1999 meeting made the final recommendations with respect to the investigation.

Second, the subject matter discussed at the March 23, 1999 meeting clearly falls within the ambit of section 1677f(a)(3). The statute expressly provides that a memorandum must be made, and included in the record, "if information relating to th[e] proceeding was presented or discussed at such meeting," 19 U.S.C. § 1677f(a)(3), and makes specific reference to parties or persons "providing factual information in connection with [the] proceeding." <u>Id.</u> Neither the Government nor Defendant-Intervenor disputes that factual information was presented at this meeting. Moreover, whether the factual information was previously submitted, or should have been submitted to Commerce via responses to questionnaires, is immaterial to Commerce's statutory obligation. <u>Cf.</u> <u>Nippon Steel</u>, 24 CIT at __, 118 F. Supp. 2d at 1374. As the court in <u>Nippon Steel</u> recently noted:

> Commerce is not entitled to choose which covered <u>ex</u> <u>parte</u> meetings it will memorialize, based on its own identification of redundancies. Parties are entitled to know when and how information was conveyed; they should not have to rely on the subtle judgments by Commerce officials or employees about whether factual information is important, is already in the record in some other form, or is even useful to the agency or to the parties.

<u>Id.</u>, 24 CIT at __, 118 F. Supp. 2d at 1373; <u>see also</u> <u>Policy Statement Regarding Issuance of Ex Parte Memoranda</u>, 66 Fed. Reg. 16,906, 16,906 (March 28, 2001) (instructing "[a]ll Import Administration staff" that ex parte "memoranda are required whether or not the factual

information received was received previously, is expected to be received later in the proceeding, or is expected to be used or relied on.").

Finally, attempts by the Government and Defendant-Intervenor to distinguish the situation here from that in De Cecco are unavailing. For example, the Government and Defendant-Intervenor contend it to be significant that Plaintiff, and not Commerce, initiated the ex parte communication. (Def.'s Mem. Opp'n to Mot. Amend R. at 4–5; Def.-Intervenor's Mem. Opp'n to Mot. Amend R. at 5.) The statute, of course, makes no distinction with respect to which entity initiates contact. Moreover, the Government's argument is undercut by Commerce having drafted, and included in the record (see Pl.'s Reply Mem. Supp. Mot. Amend R., Ex. 1), a memorandum memorializing another ex parte communication initiated by Plaintiff, i.e., a March 29, 1999 telephone call between counsel for Plaintiff and a case analyst. Cf. De Cecco, 21 CIT at 1129, 980 F. Supp. at 489 (finding it inconsistent for Commerce to argue that there existed no need to place in the record summary of ex parte communications in which neither the Assistant Secretary nor Deputy Assistant Secretary had participated, as Commerce had done so for similar communications). Likewise, the statute does not excuse Commerce from its duty merely because adverse parties, who were not present at the meeting, have made no objection to the absence of such a memorandum in the record. The legislative history indicates that section 1677 was drafted to "provide[] the maximum availability of information to interested parties." S. Rep. No. 96-249, at 100, reprinted in 1979 U.S.C.C.A.N. at 486. Nowhere in the legislative history is it suggested that, in order for a memorandum of an ex parte communication to be included in the record, an interested party must demand that such memorandum be included. To the contrary, the legislative goal is to avoid the situation where parties not in attendance at an ex parte meeting

would have to seek out and discover its occurrence, and then demand to know what had transpired in their absence.  See id.  Defendant-Intervenor also argues that, unlike the movant in De Cecco, Plaintiff failed to contact Commerce when it realized that there existed no memorandum of the ex parte meeting in the administrative record.  Rather, Defendant-Intervenor contends, Plaintiff "simply created its own evidence -- affidavits not prepared contemporaneously with the meetings."  (Def.-Intervenor's Mem. Opp'n to Mot. Amend R. at 5.)  The statute, however, does not place on Plaintiff the burden of requesting that a record of an ex parte meeting be made.  The obligation to create such a record  rests with Commerce, not Plaintiff.  Because Commerce failed in its duty, and because it has raised no questions going to the accuracy of the record made by Plaintiff's counsel, the record shall be supplemented with Plaintiff's proposed affidavits.  Cf. De Cecco, 21 CIT at 1129, 980 F. Supp. at 489 (denying government's motion to strike from plaintiff's brief in support of its motion for judgment on agency record plaintiff's affidavits recording ex parte telephone conversations, a record of which Commerce had failed to maintain and include in the record).

## CONCLUSION

The Court has considered the parties' remaining arguments and finds them to be without merit.  Thus, for all of the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's unopposed Motion for Leave to Reply to Defendant's and Defendant-Intervenor's Opposition to Plaintiff's Motion to Amend the Administrative Record is granted; and it is further

**ORDERED** that Plaintiff's Motion to Amend Administrative Record is granted; and it is further

**ORDERED** that the affidavits of Johnny Chiu and F. David Foster, included as

Attachment 5 to Plaintiff's Motion for Judgment on the Agency Record Pursuant to USCIT Rule

56.2, shall be included in the record for review of the underlying administrative proceeding.


                                                  _____

                                                  Richard K. Eaton, Judge

Date:   April 19, 2001
           New York, New York