**Slip-Op. 02- 117**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: GREGORY W. CARMAN, CHIEF JUDGE**

|  |  |  |
|---|---|---|
| **HYNIX SEMICONDUCTOR, INC.,** **HYNIX SEMICONDUCTOR** **AMERICA, INC.,** | : : : : | |
| **Plaintiffs,** | : : | |
| **v.** | : : | **Court No. 01-00988** |
| **THE UNITED STATES,** | : : | |
| **Defendant,** | : : | |
| **and** | : : | |
| **MICRON TECHNOLOGY, INC.,** | : : | |
| **Defendant-Intervenor** | : : | |

[Defendant's Motion to Strike is denied.]

Dated: September 30, 2002

*Willkie Farr & Gallagher (James P. Durling, Daniel Porter, Robert E. DeFrancesco)*, Washington, D.C., for Plaintiffs.

*Robert D. McCallum, Jr*., Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Mark L. Josephs*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Patrick V. Gallagher, Jr.,* Senior Attorney, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, of Counsel, for Defendant.

*Hale and Dorr LLP (Gilbert B. Kaplan)*, Washington, D.C., for Defendant-Intervenor.

**OPINION**

**CARMAN, Chief Judge:** Pursuant to CIT Rules 12(f), 56.2(c), 7(d), and 81(m) of this Court, Defendant moves to strike Exhibit 1 to Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Judgment Upon Agency Record ("Plaintiffs' Brief") and the portion of Plaintiffs' Brief discussing the exhibit. This Court denies Defendant's Motion to Strike and will treat Exhibit 1 and the relevant section of Plaintiffs' Brief solely as devices used for the limited purpose of advancing a legal argument. Moreover, this Court treats Exhibit 1 as providing no additional evidence to the Agency Record.

**BACKGROUND**

Defendant has filed a motion to strike Exhibit 1 to Plaintiffs' Brief, which is an excerpt from the transcript of an oral argument in *Hyundai Electronics Co. Ltd.v. United States,* No. 01-00027 (Ct. Int'l Trade filed Jan. 1, 2000). Defendant further asks that the corresponding section of Plaintiffs' Brief discussing the exhibit be stricken as well. Both parties agree Exhibit 1 is not part of the Agency Record subject to judicial review in this case. Nevertheless, Defendant argues that Plaintiffs are attempting to supplement the agency record by introducing Exhibit 1 in these proceedings. Plaintiffs have filed a motion in opposition to the charge of attempting to supplement the Agency Record, arguing that Exhibit 1 was submitted for "legal argumentation" only.

**DISCUSSION**

Motions to strike are generally "disfavored" or "extraordinary" remedies, which "should be granted only in cases where there has been a flagrant disregard for the Rules of this Court."

*Jimlar Corp. v. United States*, 647 F. Supp. 932, 934 (Ct. Int'l Trade 1986); s*ee also, Beker Indus. v. United States*,  585 F. Supp. 663, 665 (Ct. Int'l Trade 1984).  In this case, Defendant has charged that Plaintiffs attempted to impermissibly supplement the agency record by submitting an exhibit to Plaintiffs' Brief which is not part of the record as defined by statute.  Defendant argues that consideration of Exhibit 1 by this Court would constitute an improper expansion of the scope of judicial review.

In this case, judicial review consists of determining whether the Defendant's final results in the underlying administrative review are "unsupported by substantial evidence on the record, or are otherwise not in accordance with the law."  19 U.S.C. § 1516a(b)(1)(B)(I) (2000).  "Record for Review" is defined in 19 U.S.C. § 1516a(b)(2)(A).  This Court has interpreted § 1516a(b)(2)(A) to mean that the "scope of the record for purposes of judicial review is based upon information which was 'before the relevant decision maker' and was presented and considered 'at the time the decision was rendered.'"  *Beker Indus. Corp. v. United States,* 7 C.I.T. 313, 315 (1984) (quoting S. Rep. No. 96-249, at 247 (1979)).   Absent special circumstances, this Court will not accept new information or evidence to supplement the administrative record.  *See, e.g., F. LLi De Cecco Di Filippo Fara San Martino S.P.A. v. United States*, 980 F. Supp. 485, 487 (Ct. Int'l Trade 1997);  *Saha Thai Steel Pipe Co., Ltd. v. United States*, 661 F. Supp. 1198, 1202-03 (Ct. Int'l Trade 1987).  However, this Court has indicated that  "a party is 'free to offer whatever *legal* arguments it chooses.'*" Koyo Seiko Co., Ltd. v. United States,* 955 F. Supp 1532, 1544 (Ct. Int'l Trade 1993) (citing *Sachs Auto. Prods. Co. v. United States*, 17 C.I.T. 740, 741 (1993)).

Both parties agree that Exhibit 1 to Plaintiffs' Brief is not part of the Agency Record. Clearly, Exhibit 1 will not be accepted or considered by this Court as a supplement to the record. However, this Court will not strike the exhibit or the accompanying discussion in Plaintiffs' Brief. This Court accepts Exhibit 1 and the discussion in Plaintiffs' Brief only to the narrow extent that it may offer support for a legal argument advanced by the Plaintiffs.

## CONCLUSION

Based on the reasons stated above, this Court denies Defendant's Motion to Strike Exhibit 1 to Plaintiffs' Brief and the references thereto.

_____
Gregory W. Carman,
Chief Judge

Dated: September 30, 2002
New York, New York