**Slip-Op. 03-128**

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: GREGORY W. CARMAN, CHIEF JUDGE

|  |  |  |
|---|---|---|
| | : | |
| **HYNIX SEMICONDUCTOR, INC.,** | : | |
| **HYNIX SEMICONDUCTOR** | : | |
| **AMERICA, INC.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | **Court No. 01-00988** |
| **THE UNITED STATES,** | : | |
| | : | |
| **Defendant,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **MICRON TECHNOLOGY, INC.,** | : | |
| | : | |
| **Defendant-Intervenor** | : | |
| | : | |

[Plaintiffs' Motion to Strike is denied.]

Dated: September 30, 2003

*Willkie Farr & Gallagher* (*Daniel L. Porter, Carrie L. Owens*), Washington, D.C., for Plaintiffs.

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director, Commercial Litigations Branch, Civil Division, United States Department of Justice; *Jeanne E. Davidson*, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Ada E. Bosque*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Patrick V. Gallagher, Jr.*, Senior Attorney, Office of Chief Counsel for Import Administration, United States Department of Commerce, of Counsel, for Defendant.

*Hale and Dorr LLP* (*Gilbert B. Kaplan, Michael D. Esch, Aimen Mir*), Washington, D.C., for Defendant-Intervenor.

## OPINION

**CARMAN, Chief Judge:** Pursuant to Rule 12(f) of this Court and 19 U.S.C. § 1516a(b)(2) (2000), Plaintiffs move to strike three sentences from documents submitted to the Court.[1] One sentence appears in the Final Results of Redetermination Pursuant to Court Remand ("Remand Results") and is a summary of Defendant-Intervenor Micron Technology Inc.'s ("Micron") arguments to the U.S. Department of Commerce ("Commerce"); the other two sentences are in the Reply of Defendant-Intervenor Micron Technology, Inc. to Plaintiffs' Comments on the Final Results of Redetermination ("Micron's Conf. Reply Brief"). Plaintiffs argue that these sentences refer to factual information that is not part of the administrative record. (Pls.' Mot. to Strike at 2.) For the reasons discussed below, this Court denies Plaintiffs' Motion to Strike and will treat the sentences at issue solely as evidence of an argument presented by Micron to Commerce during the Redetermination proceedings and as devices used for the limited purpose of advancing an argument presented by Micron to this Court.

## DISCUSSION

As this Court stated in its disposition of a motion to strike filed by Defendant earlier in this proceeding, motions to strike are generally "disfavored" or "extraordinary" remedies. *See Hynix Semiconductor, Inc. v. United States,* No. 01-00988, 2002 Ct. Intl. Trade LEXIS 116, at

---

[1] Plaintiffs' Motion to Strike asks that two additional sentences appearing in Exhibit 3 of the confidential version of Appendix to Defendant's Response to Plaintiffs' Comments to the Remand Determination ("Def.'s Conf. App.") be stricken. However, Defendant notes that Exhibit 3 in the public version of its appendix is the correct document and a photocopying error resulted in the confidential version of its appendix containing an incorrect document. The Defendant filed a corrected copy of the confidential version of its appendix on August 25, 2003. Thus, Plaintiffs' request to strike the two sentences appearing in Exhibit 3, page 12 and Exhibit 3, page 12, footnote 16 is moot.

*3 (Ct. Int'l Trade Sept. 30, 2002); s*ee also Beker Indus. v. United States*, 585 F. Supp. 663, 665 (Ct. Int'l Trade 1984). "There is no occasion for a party to move to strike portions of an opponent's brief (unless they be scandalous or defamatory) merely because he thinks they contain material that is incorrect, inappropriate, or not a part of the record. The proper method of raising those issues is by so arguing, either in the brief or in a supplemental memorandum, but not by filing a motion to strike." *Acciai Speciali Terni S.P.A. v. United States*, 120 F. Supp. 2d 1101, 1106 (Ct. Int'l Trade 2000) (quoting *Dillon v. United States*, 229 Ct. Cl. 631, 636 (1981)). Nevertheless, this Court has broad discretion in evaluating motions to strike and may grant such a motion "where there has been a flagrant disregard of the rules of court." *Jimlar Corp. v. United States*, 647 F. Supp. 932, 934 (Ct. Int'l Trade 1986).

The administrative record "for purposes of judicial review is based upon information which was 'before the relevant decision-maker' and was presented and considered 'at the time the decision was rendered.'" *Beker Indus. Corp. v. United States,* 7 Ct. Int'l Trade 313, 315 (1984) (quoting S. REP. NO. 96-249, at 247 (1979)); *see also* 19 U.S.C. § 1516a(b)(2). This Court will not accept new information or evidence to supplement the administrative record, unless exceptional circumstances demonstrate a need to do so. *See, e.g., F. LLi De Cecco Di Filippo Fara San Martino S.P.A. v. United States*, 980 F. Supp. 485, 487 (Ct. Int'l Trade 1997); *Saha Thai Steel Pipe Co. v. United States*, 661 F. Supp. 1198, 1201-02 (Ct. Int'l Trade 1987). However, "a party is 'free to offer whatever *legal* arguments it chooses.'" *Koyo Seiko Co. v. United States*, 955 F. Supp. 1532, 1544 (Ct. Int'l Trade 1993) (quoting *Sachs Auto. Prods. Co. v. United States*, 17 Ct. Int'l Trade 740, 741 (1993)).

Plaintiffs ask the Court to strike the following three sentences: (1) "Micron argues that

with the ever-increasing rates of technological development in this industry, the average useful lives of semiconductor manufacturing equipment are decreasing, not increasing." (Def.'s Conf. App. Ex. 1 at 23); (2) "Indeed, with ever-increasing rates of technological development in this industry, the average useful lives of semiconductor manufacturing equipment are decreasing, not increasing." (Micron's Conf. Reply Br. at 18); (3) "In fact, the U.S. Semiconductor Industry Association considers the average useful lives of semiconductor equipment to be 3 rather than 5 years." (*Id.* at 18 n.33 (referencing Statement of Clifford Jernigan on behalf of Semiconductor Indus. Assoc., Test. before the Subcomm.. on Oversight of the House Comm. on Ways and Means, Sept. 26, 2000, "The Tax Code and the New Economy," Printed Hearing No. 106-79, at 46, U.S. Government Printing Office.).) Plaintiffs assert that the information contained in these sentences refers to evidence not on the administrative record. (Pls.' Mot. to Strike at 5.) Plaintiffs contend that it would be improper for the Court to consider these statements. (*Id.*)

Defendant and Micron note that Plaintiffs did not object at the administrative level to the information they now seek to strike. (Def.'s Resp. to Pls.' Mot. to Strike at 2; Def.-Int.'s Opp'n to Pls.' Mot. to Strike at 6-7.) Defendant asserts that the Motion to Strike as pertaining to the sentence contained in the Final Remand Determination is unnecessary because Commerce did not rely on Micron's argument at the administrative level; thus the Court "may simply disregard the sentence, which is not material to Commerce's remand determination." (Def.'s Resp. to Pls.' Mot. to Strike at 3.) Defendant does not take a position regarding the sentences contained in Micron's Reply Brief that Plaintiffs seek to strike. (*Id.*) Micron argues that the motion to strike should be denied because Plaintiffs confuse the record on remand with the original administrative record, and Plaintiffs have failed to establish that "there has been a 'flagrant

disregard for the Rules of this Court.'" (Def.-Int.'s Opp'n to Pls.' Mot. to Strike at 3 (citation omitted).)

This Court finds that the sentences at issue summarize, state, and are argument advanced by Micron. Specifically, the sentence contained in the Remand Results is merely a summary of Micron's argument presented to Commerce during the Redetermination proceedings. The sentence is part of the administrative record insofar as it captures what Micron argued before Commerce. The sentence in Micron's Reply Brief simply states an argument, and the accompanying footnote in Micron's Reply Brief is a reference offered to support the argument advanced by Micron to this Court. The Court notes that Micron included a similarly-worded sentence with the identical citation in its brief in opposition to Plaintiffs' motion for judgment on the agency record. (*See* Br. of Def.-Int. Micron in Opp'n to Pls.' R. 56.2 Mot. for J. on the Agency R. at 43 & n.86.) Plaintiffs have not asked that the information be stricken with respect to its inclusion in Micron's opposition brief. Rather, Plaintiffs addressed Micron's argument and the support in Plaintiffs' reply brief. (*See* Reply Br. of Pls. at 22-23.)

**CONCLUSION**

This Court holds that Plaintiffs' Motion to Strike is denied, and this Court will consider the three sentences at issue for the limited purpose of advancing an argument.

_____
Gregory W. Carman
Chief Judge

Dated: September 30, 2003
          New York, New York